```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS

JEROME FRANCIS FINCH,

                         Plaintiff,
                                              CIVIL ACTION
           vs.                                No. 11-3172-SAC

RODRICK M. LITTLE,

                         Defendant.
```

### ORDER

Plaintiff proceeds pro se and in forma pauperis on a complaint seeking relief under 42 U.S.C. § 1983, naming Sedgwick County Officer Rodrick Little as the sole defendant. Plaintiff seeks damages on allegations that he sustained injuries to his hand and elbow when Little deliberately and repeatedly kicked plaintiff's hand when plaintiff refused to remove it from the cell pass slot as Little had ordered.

By an order dated February 1, 2012, the court found a response to the complaint was required, and directed the clerk's office to issue waiver of service of summons forms for service on defendant Little by the United States Marshal Service. The court also found good cause existed for granting plaintiff an additional 60 days beyond the statutory 120 day time limit for obtaining service on defendant Little. *See* Fed.R.Civ.P. 4(m).[1]

---

[1] Rule 4(m) reads:
"If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the

Before the court is plaintiff's motion for default judgment, based upon the defendant's failure to file a response to the complaint. Plaintiff's motion for default judgment is denied.

While it is accurate that defendant Little has not yet filed an answer nor an entry of appearance in this matter, there is nothing on the record to indicate that effective service of process on this defendant has yet been obtained.

The record discloses that the Marshal Service submitted a Process Receipt and Return (USM-285 form) stating that waiver forms addressed to the defendant's work address were mailed by first-class mail on February 3, 2012, and that the addressed envelope enclosed for the signed waiver had not been returned as of February 9, 2012. The court record contains no further information from the Marshal Service regarding service of process, or anything filed by defendant Little or on his behalf. Thus there is no evidence in the record that defendant Little was effectively served with a copy of the complaint in this action, and he has filed no responsive pleading. Plaintiff did not call this matter to the court's attention, did not request personal service of summons by the Marshal Service, and did not ask the court to further extend the time to serve defendant Little. Instead, plaintiff filed his motion for default judgment

---

> complaint, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Because the court's order for service on defendant Little was entered 120 days after plaintiff filed his complaint, the court found good cause existed for extending the time to obtain service for an additional 60 days.

2

approximately three weeks after the time set by the court for obtaining service on defendant Little had expired.

Accordingly, it appears that defendant Little was not effectively served within the time limit set by the court as provided by Fed.R.Civ.P. 4(m). Plaintiff will be given time to show cause why this action should not be dismissed based on plaintiff's failure to serve the sole defendant in a timely manner. *See Scott v. Hern,* 216 F.3d 897, 912 (10th Cir.2000)(citing *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir.1995)).

IT IS THEREFORE ORDERED that plaintiff's motion for default judgment (Doc. 11) is denied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show good cause why the complaint should not be dismissed based upon plaintiff's failure to timely serve the sole defendant.

A copy of this order is to be provided to the County Counselor for Sedgwick County.

**IT IS SO ORDERED.**

DATED:  This 22nd day of May 2012 at Topeka, Kansas.

                                          s/ Sam A. Crow
                                          SAM A. CROW
                                          U.S. Senior District Judge